In the Matter of the **MARRIAGE OF Janet K. VOGEL and Timothy P. Vogel.**

In the Interest of Joshua L. **VOGEL, a Minor Child.**

No. 07–94–0212–CV.

Court of Appeals of Texas, Amarillo.

Oct. 20, 1994.

Rehearing Overruled Nov. 15, 1994.

Floyd H. Richards, Dalhart, for appellant.

Moore, Lewis & Russwurm P.C., Kyle Lewis, Dumas, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Timothy P. Vogel (Timothy) perfected this appeal from an order modifying the child support order contained in a previous decree of divorce terminating his marriage to Janet K. Vogel (Janet). He contends, with eleven points of error, that the trial court erred in (1) reducing to judgment the arrearage for child support decreed by an unenforceable order; (2) computing the amount of arrearage; (3) calculating his net resources to set child support; (4) ordering the amount he is to pay for health insurance; (5) awarding Janet attorney's fees; and (6) denying his counterclaim for reduction of child support and attorney's fees. For the reasons expressed, the points will be overruled and the judgment will be affirmed.

When the then trial judge signed the divorce decree on 12 June 1989, he appointed Janet the managing conservator of their minor child, and ordered Timothy, who was self-employed, to pay child support in these words:

IT IS ORDERED AND DECREED that TIMOTHY P. VOGEL is obligated to pay JANET K. VOGEL child support in the amount of $550.00 per month, for the support and maintenance of the minor child, with the first payment being due and payable on March 5, 1989, and a like payment being due and payable on the same day of each month thereafter until the date of the earliest occurrence of one of the following events:

\*    \*    \*    \*    \*    \*

IT IS FURTHER ORDERED AND DECREED that the gross net income of [Timothy] as defined as net resources as defined by the *Texas Family Code,* Section 14.05, Supreme Court of Texas Child Support Guidelines, Rule 3, shall be determined annually and [Timothy] IS FURTHER ORDERED that [Timothy] pay to [Janet] eighteen percent (18%) of his annual net resources on or before April 15th of the next following year, with the first payment payable on or before April 15, 1990. [Timothy] shall receive credit of previously paid support of $550.00 per month. [Janet] shall have an absolute right, at her expense, to audit [Timothy's] business records annually.

Timothy, Janet, and their respective attorneys of record approved the judgment as to form. No appeal was taken from the judgment.

Subsequently, both Timothy and Janet married other parties and, as a result of her marriage, Janet added two other children to her household. Apparently no effort was made to ascertain Timothy's net resources after the divorce until Janet engaged a certified public accountant to audit Timothy's records, the basis for her motion filed in 1993 to modify the 12 June 1989 child support order. In response, Timothy moved for a reduction in the amount of his child support obligation and to recover his attorney's fees.[1]

Hearing the evidence, the current trial judge determined that Timothy's arrearage for child support ordered to be paid by the 12 June 1989 order was $19,324 and reduced the arrearage to judgment, superseded that child support order by his order for Timothy to pay the sum of $727.20 per month beginning 5 February 1994 as child support, ordered that Timothy provide health insurance for the child at a cost of $125 per month, awarded Janet $4,901.66 for the benefit of her attorney, and denied Timothy's motion for a reduction in child support payments and attorney's fees. These aspects of the current judgment are the subjects of Timothy's eleven points of error.

■ Initially, Timothy contends that the original support order, being based on a percentage formula without taking into consideration the needs of the child, is not enforceable and, therefore, the trial judge erred in rendering judgment of $19,324 for child support arrearages. As support for his contention, he cites, among other authorities, *Doss v. Doss,* 521 S.W.2d 709, 713 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ), which held, on direct appeal from a child support order, that a provision in the order for the payment of a percentage of the obligor's income if it exceeds a fixed amount for child support is invalid; and *In Interest of J.M. and G.M.,* 585 S.W.2d 854, 859 (Tex.Civ. App.—San Antonio 1979, no writ), which held, on appeal from an order modifying the original child support order, that the provision in the original order for automatic increases in amounts for child support formulated on an anticipated ability to pay was unenforceable. Notwithstanding the *In Interest of J.M. and G.M.* holding implicitly sanctioning a collateral attack on the original order, we hold that Timothy may not attack the original child support order's provision for child support in this, his appeal from the modifying order.

■ The divorce decree, containing the original child support order, was rendered in an action within the trial court's jurisdiction. The judgment, approved as to form by the parties and their attorneys, became a final judgment when no appeal was taken from it. Once the time for an appeal expired, a bill of

---

1. Both Janet and Timothy affirmatively pleaded that the circumstances of the child had materially and substantially changed since the rendition of the 12 June 1989 support order, and that its modification would be in the best interests of the child.

review became the exclusive remedy to vacate the judgment or a provision thereof, even if it could be shown to be void. *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985).

■ This principle is not altered by the Texas Family Code's provision for the continuing, exclusive jurisdiction of the trial court of the parties and the subject matter, including the authority to modify all aspects of the divorce decree. *See* Tex.Fam.Code Ann. § 11.05 (Vernon 1986 & Supp.1994).[2] However, the authority to modify does not empower the trial court to reduce or forgive child support arrearages; instead, the legislature denied the court the authority to forgive child support arrearages by providing that the court shall confirm the amount of arrearages and render judgment for all unpaid child support. Section 14.41(a); *Williams v. Patton,* 821 S.W.2d 141, 143 (Tex.1991). Timothy's first point of error is overruled.

■ The overruling of the point removes the foundation for Timothy's tenth-point contention that because the order for child support cannot be enforced, the court erred in granting Janet $4,901.66 as reasonable attorney's fees. As Timothy recognizes, upon the court's finding that he failed or refused to pay child support payments that were past due and owing, the court was directed to order him to pay Janet's reasonable attorney's fees in the absence of a finding that he need not pay them. Section 14.33(c). Timothy does not question either the reasonableness of the fees or the absence of a finding that he need not pay the fees. His tenth point of error is overruled.

■ Timothy submits, with his second point, that the trial court erred in rendering the judgment based on a formula of 18% of his net resources each year when in three of the four years, his net resources exceeded $4,000 per month. As we understand it, his complaint is that by applying 18% to his net resources in excess of $4,000, the court violated the then effective guidelines of section 14.055, which provided for the application of a designated percentage to the first $4,000 of net resources, and if the net resources exceeded $4,000, then the court, without reference to the percentage guidelines, may order additional amounts of child support depending upon the needs of the child.[3] In other words, the court did not calculate the arrearage in accordance with the statute as explained in *Rodriguez v. Rodriguez,* 860 S.W.2d 414 (Tex.1993). We do not consider the complaint to be valid.

The *Rodriguez* court was concerned with the setting of child support within the parameters established by the Family Code's guidelines, 860 S.W.2d at 415, not, as was the trial court here, with the confirmation and reduction to judgment of child support arrearages. When the child support was established at 18% of Timothy's net resources in the divorce decree and no appeal was taken, the child support was fixed until modified upon application, *Ex parte Padfield,* 154 Tex. 253, 276 S.W.2d 247, 249 (1955), and the trial court was only authorized to confirm the amount of arrearage and reduce it to judgment. *Williams v. Patton,* 821 S.W.2d at 143. Therefore, the court did not err in confirming the amount of arrearage based on 18% of Timothy's net resources. The second point of error is overruled.

■ When Janet filed her amended motion to modify in late November of 1993, she alleged the original order provided that child support payments in excess of $550 per month were to be paid on or before April 15 of each year beginning with the year 1990, that Timothy had failed and refused to pay the additional support required for the years 1991, 1992, and the sum that would be due for 1993, and then prayed for the additional child support for the years 1990 through 1993. The trial court confirmed and reduced to judgment the child support arrearages for the years 1990 through 1993. Timothy uses his third point of error to charge the court erred in granting the judgment, because Janet did not request, and there are no plead-

2. Subsequent references to sections are to the sections of the Texas Family Code Annotated (Vernon 1986 & Supp.1994).

3. Section 14.055 was amended effective 1 September 1993 to apply the designated percentages to the first $6,000 of the obligor's net resources.

ings to support recovery for, the year 1990, and her motion did not contain the allegations mandated by section 14.311. We are not in accord.

Although Janet's motion did not strictly comply with the requirements of section 14.311, Timothy did not specially except to the motion, and he neither voiced to the trial court, even in his motion for new trial, the deficiencies he raises for the first time on appeal, nor objected to the evidence concerning the child support arrearage for the year 1990, for which Janet prayed recovery. Consequently, Timothy waived the perceived defects by failing to bring them to the attention of the trial court in writing before the rendition of judgment, rule 90, Texas Rules of Civil Procedure, and he may not raise the insufficiency of her pleadings for the first time on appeal. *Sherman v. Provident American Insurance Company,* 421 S.W.2d 652, 654 (Tex.1967). His third point of error is overruled.

■ To confirm the amount of child support arrearage for each year, the trial court, in computing Timothy's net resources, included one-half of the amount of depreciation credited to him on his personal and business venture income tax returns. Utilizing his fourth, fifth, sixth, and seventh points of error, Timothy contends, in essence, that the court abused its discretion in disallowing one-half of straight line depreciation in the absence of evidence that allowance of all the depreciation would be inappropriate as a deduction from gross income to determine his net resources. Without detailing his argument, it suffices to explain why we do not agree the trial court abused his discretion by acting without reference to any guiding rules or principles.

As earlier noticed, the original order for child support provided for a determination of Timothy's net resources "as defined by the *Texas Family Code,* Section 14.05, Supreme Court of Texas Child Support Guidelines, Rule 3." At the time of the original order, the Supreme Court, acting pursuant to a legislative directive,[4] had promulgated rules to guide the trial courts in determining the

amount of child support. Rule 3(b) provided, in part, that:

Income from self-employment includes benefits allocated to an individual from a business or undertaking in the form of a proprietorship, partnership, joint venture or close corporation, less ordinary and necessary expenses required to produce that income, *but excludes amounts allowable by the Internal Revenue Service as depreciation,* tax credits or any other business expenses determined by the trial court to be inappropriate to the determination of income for the purpose of calculating child support.

Section 14.05, Order of the Supreme Court of Texas, Child Support Guidelines, R. 3(b) (Vernon Supp.1989) (emphasis added).

Reiterated, the original order provided that Timothy's net resources were to be determined as defined in rule 3, which "excludes amounts allowable by the Internal Revenue Service as depreciation." Absent evidence to the contrary, the trial court was entitled to presume that the Internal Revenue Service had allowed the depreciation shown on the income tax returns. Then, under the original order, the court was entitled to exclude all depreciation in calculating Timothy's net resources; however, finding that it would be appropriate to a determination of Timothy's income for the purpose of determining child support arrearage, the court allowed Timothy credit for one-half of the depreciation. It follows that it cannot be said the court acted without reference to guiding rules or principles so as to abuse its discretion, *see Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), and Timothy's fourth through seventh points of error are overruled.

■ Although Timothy's eighth-point contention is that the trial court did not consider Janet's net resources in setting his future child support payments, his argument, obviously in recognition that the court found that her net monthly resources were $3,434, is that the court, in consideration of her net resources, should have set his support pay-

---

4. Act of Aug. 4, 1987, 70th Leg., 2d C.S., ch. 73, § 4(h), 1987 Tex.Gen.Laws 225, 227 (amended 1989) (current version at Tex.Fam.Code Ann. § 14.05(h) (Vernon Supp.1994)).

ments at an amount less than the $727.20 he was ordered to pay. We do not agree.

The court heard evidence, and received a tabulation, showing that $1,347 per month was allocated by Janet for the support and maintenance of the child. The court set Timothy's support obligation at $727.20 per month, the section 14.055 guidelines amount presumed, subject to rebuttal, to be a reasonable amount and in the best interest of the child with regard for the number of children in Timothy's household.

Although Timothy asserts that Janet's net resources rebuts the presumption, and labels the $1,347 figure as "ridiculous," the duty of support is not limited to bare necessities. *Matter of Marriage of Edwards*, 804 S.W.2d 653, 656 (Tex.App.—Amarillo 1991, no writ). Notwithstanding that each parent has the duty to support the minor child, the amount of support does not have to be divided equally between the parents. *Cohen v. Sims*, 830 S.W.2d 285, 289 (Tex.App.—Houston [14th Dist.] 1992, writ denied). There being evidence of substantive and probative character to support the court's decision, the court did not abuse its discretion in setting Timothy's support obligation. *Matter of Marriage of Edwards*, 804 S.W.2d at 656. His eighth point of error is overruled.

With his ninth point of error, Timothy excepts to the trial court's ordering him to pay Janet $125 each month as reimbursement for the health insurance premium for the child. His argument is that the premium also insures the other two children in Janet's household for whom he has no duty to support, and that his reimbursement should be reduced two-thirds, or to $41.67 monthly.

The trial court was authorized to order Timothy to provide, in addition to support for the child, health insurance coverage for the child, and to allocate between the parents the reasonable and necessary health care expenses of the child that are not reimbursed by the health insurance. Section 14.053(d). Janet provided evidence that the health insurance coverage for the child cost $125.02 each month, and the premium was the same whether for one child or for any number of children. The record does not reveal when the health insurance coverage was obtained, *i.e.*, whether it was in force before or after Janet's remarriage in November of 1989 and the addition of the other two children to her household. She also testified that she paid $14.50 twenty-six times each year for dental insurance for the family, that the child would require extensive dental work in the future costing several thousand dollars, and that the dental insurance would cover a maximum of $1,200 of the cost. She stated that Timothy had never reimbursed her for the cost of carrying medical insurance for the child.

Given this record, and considering that the court imposed no obligation on Timothy for the child's health care not reimbursed by insurance, we cannot say that the court abused its discretion in requiring Timothy to reimburse Janet $125 monthly, the minimum cost of health insurance for the child alone. Timothy's ninth point of error is overruled.

Our overruling of Timothy's fourth, fifth, and ninth points of error effectively negates his eleventh-point contention that the trial court erred in denying his counterclaim for reduction in child support because, by his computation of his net resources with credit for all depreciation, he should be ordered to pay $443.92 per month in child support, plus $41.67 for his part of health insurance for the child. The point is overruled.

Accordingly, the judgment is affirmed.