### In the Interest of D.S.

### No. 14–00–01457–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 28, 2002.

---

Daniel E. McCarty, Houston, for Appellants.

Bonnie J. Fitch, Pamela E. George, Houston, for Appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

This is a child-support-modification case. Appellant Leslie Shokes challenges the trial court's order denying his motion for modification of child support. We affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Leslie Shokes and appellee Paula Shokes were divorced in 1987. Leslie and Paula had one child together, a daughter, D.S., who was two years old at the time of her parents' divorce. The original divorce decree provided that Paula would be the child's managing conservator and required Leslie to pay $275 in monthly child support.[1]

Both Leslie and Paula are medical doctors. In 1996, they entered into an agreement modifying Leslie's child-support obligation in the original divorce decree. They memorialized the agreement in an agreed order. Each of their attorneys signed the agreed order and, at their request, the trial court entered the order. The agreed order required Leslie to pay $500 per month in child support beginning on October 1, 1996, and that amount was to increase to $1,500 per month, effective September 1, 1999. The 1996 agreement was structured so that Leslie could make relatively small child-support payments in the first three years, while he was completing his orthopedic residency, and then pay a significantly higher amount after he completed his residency. The plan was to minimize Leslie's child-support obligation during the three-year period he was completing his residency requirements and making a lower wage, and then to increase it substantially to coincide with his anticipated entry into a much more lucrative private practice as an orthopedic surgeon. Under the 1996 agreement, Paula agreed not to seek an increase in child support throughout the three-year period (1996–1999). Paula honored her agreement not to seek an increase.

In November 1999, Leslie filed a motion to modify his child-support obligation as

---

1. According to Paula, Leslie actually paid only $270 in monthly child support until D.S. turned twelve years old.

set out in the 1996 agreed order, arguing that despite his earlier agreement, his salary was not sufficient to enable him to pay the additional $1,000 per month that went into effect in September 1999. In May 2000, after a trial on Leslie's motion for modification, the trial court entered an order denying Leslie any relief. Leslie now appeals, contending in six separate issues that the trial court abused its discretion in refusing to modify his child-support obligation as set out in the 1996 agreed order.

## II. ISSUES PRESENTED ON APPEAL

In his first three issues, Leslie argues the trial court should have granted the modification because (1) the order is unenforceable as it provides for arbitrary automatic increases not based on the actual needs of the child and is speculative as to his anticipated future income; (2) there is uncontroverted evidence that shows, as a matter of law, that there is a material and substantial change in the circumstances; and (3) there is uncontroverted evidence that shows, as a matter of law, that he met the requirements of section 156.401(a)(2) of the Family Code, justifying a modification in child support. In issues four through six, Leslie contends the trial court abused its discretion by (4) refusing to file child-support findings as required by section 154.130 of the Family Code; (5) finding that it had no authority to alter the 1996 agreed order; and (6) failing to apply the guidelines of section 154.128 and section 154.129 of the Family Code, for computing support for children in more than one household, as mandated by section 156.406.

## III. STANDARD OF REVIEW

 We review a trial court's order setting or modifying child support under an abuse of discretion standard. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990)

(per curiam). The test for abuse of discretion is whether the court acted arbitrarily or unreasonably, that is, without reference to guiding rules and principles. *Id.* In making this determination, we must view the evidence in the light most favorable to the trial court's actions and indulge in every legal presumption in favor of the judgment. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.-Houston [1st Dist.] 1993, writ denied). We do not treat allegations of legal and factual insufficiency as independent grounds of error in this context because the appropriate standard of review is abuse of discretion. *See Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). A trial court abuses its discretion as to legal issues when it fails to analyze or apply the law correctly. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

## IV. ANALYSIS

### A. Is the 1996 Agreed Order enforceable?

Leslie argues in his first issue that the 1996 order is unenforceable because (1) it lacks contract language; and (2) it provides for automatic increases and is not based on either the needs of the child or Leslie's salary.

 Leslie has failed to properly brief his argument that the 1996 order is unenforceable because it lacks contract language. In order to avoid waiver of an issue on appeal, a party must discuss in his brief the facts and the authorities upon which he relies to maintain the issue. *McPherson Enters. v. Producers Coop. Mktg. Ass'n, Inc.,* 827 S.W.2d 94, 96 (Tex. App.-Austin 1992, writ denied); *see also Clone Component Distribs. of Am. v. State,* 819 S.W.2d 593, 597 (Tex.App.-Dallas 1991, no writ) (finding that appellant's brief must include page references to rec-

ord, citations of authorities relied upon, and discussion of facts to support point at issue). A party waives a point by failing to provide supporting argument and authorities. *McPherson*, 827 S.W.2d at 96. Leslie has not provided any record cites or authority to support his position, and therefore has waived this argument.

■ Moreover, neither of the challenges Leslie makes to the propriety of the 1996 agreed order is permissible in this appeal. The agreed order states in pertinent part:

> IT IS HEREBY ORDERED, pursuant to the parties' agreement, that child support paid by LESLIE K. SHOKES to PAULA GILDA SHOKES, be increased to five hundred dollars ($500.00) a month beginning on October 1, 1996, and increased to fifteen hundred dollars ($1,500) a month beginning on September 1, 1999.

Notably, the trial court did not issue a new support order, but merely declined to modify the 1996 order. Leslie failed to challenge the 1996 order by direct appeal at the time it was entered, and the time for doing so has long passed. Therefore, Leslie's attempted collateral attack on the 1996 order fails.

In an effort to escape the fatal effect of a collateral attack, Leslie cites *In the Interest of J.M. and G.M.*, 585 S.W.2d 854, 856 (Tex.App.-San Antonio 1979, no writ). In *J.M and G.M.*, the original divorce decree provided for child support based on automatic increases. *Id.* Two years later, when it was time to start paying the increased support, the father filed a motion to modify, requesting a reduction in child support. *Id.* The trial court found that circumstances had materially changed and entered an order modifying the original child support. *Id.* The San Antonio court affirmed and found that the trial court did not abuse its discretion in modifying the child-support order. *Id.*

■ We reject the notion that an order not challenged by direct appeal is subject to collateral attack in a subsequent proceeding. Once child support is set, even with automatic increases, and no appeal is taken, the child support is fixed *until* modified upon application. *See In the Matter of the Marriage of Vogel*, 885 S.W.2d 648, 651 (Tex.App.-Amarillo 1994, writ denied). Thus, one can not collaterally attack an order he never appealed; however, he may seek modification of his child-support obligation. If and when he does so, it is then within the trial court's discretion to determine whether there has been a sufficient change in circumstances to justify a reduction or modification in child support.

The case of *In the Matter of the Marriage of Vogel* is instructive. *See id.* In *Vogel*, appellant challenged an order modifying a prior child-support order contained in the divorce decree. *Id.* The court found that the divorce decree containing the child-support order was rendered in an action within the trial court's jurisdiction and approved as to form and substance by the parties' attorneys. *Id.* The court further found that no direct appeal was taken from this order and the time for appeal had passed. *Id.* The court expressly refused to follow *In the Interest of J.M and G.M.* because to do so would allow an impermissible collateral attack on the original order. *Id.* This case is analogous in several respects.

First, in 1996, Leslie and Paula agreed to modify the original support order in the divorce decree to increase Leslie's child-support, and the trial court expressly found this agreement to be in the child's best interest. Second, Leslie's attorney, in his presence, expressly approved and signed the 1996 agreed order as to form and substance. Despite these unequivocal expressions of his agreement to the terms

of the 1996 order, Leslie alleges that, because he did not *personally* sign the order, it is unenforceable. . We find no merit in this argument.

Every reasonable presumption will be indulged in favor of a settlement made by an attorney duly employed. *See Dodson v. Seymour,* 664 S.W.2d 158, 161 (Tex.App.-San Antonio 1983, no writ). Once the trial court renders an agreed judgment, a party may not withdraw his consent if the trial court was unaware of any objection at the time of rendition. *First Heights Bank, FSB v. Marom,* 934 S.W.2d 843 (Tex.App.-Houston [14th Dist.] 1996, no writ). Here, the trial court, acting at the instance and request of both parties' counsel, approved and entered the 1996 agreed order. The trial court did so only after both parties' counsel had reduced their clients' agreement to writing, filed it with the court, and read it into the record in open court, in the presence of the parties. Furthermore, the trial court, in its Findings of Fact and Conclusions of Law, noted that the face of the order shows that it was rendered pursuant to the parties' agreement and was approved as to both form and substance by the parties and their attorneys. Leslie does not specifically challenge this finding of fact. "A finding of fact not challenged on either legal or factual sufficiency grounds is binding on this court." *Carter v. Carter,* 736 S.W.2d 775, 777 (Tex.App.-Houston [14th Dist.] 1987, no writ).

The 1996 order was rendered within the trial court's jurisdiction, approved by the parties and their attorneys, and became a final judgment when no appeal was taken from it. *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985). After the time for an appeal expires, a bill of review is the exclusive remedy to vacate the judgment or a provision thereof, even if it could be shown to be void. *Id.*

In any event, even if Leslie could have maintained a collateral attack on the 1996 order, he would not prevail on appeal because the trial court did not abuse its discretion in refusing to find the order unenforceable. Child-support orders based upon automatic increases in payments are not automatically void. *See Edwards v. Edwards,* 624 S.W.2d 635, 639 (Tex.Civ.App.-Houston [14th Dist.] 1981, no writ); *Cisneros v. Cisneros,* 787 S.W.2d 550, 551 (Tex.App.-El Paso 1990, no writ). Although a court may not arbitrarily impose automatic or formula increases in child support, if the parties agree on an automatic increase in child support upon the occurrence of a certain event, and the court has found that the agreement is in the best interest of the child, the parties may be ordered to perform in accordance with that agreement; and compliance may be enforced by all available remedies. *See Doss v. Doss,* 521 S.W.2d 709, 711 (Tex. Civ.App.-Houston [14th Dist.] 1975, no writ).

At the time he made the 1996 agreement, Leslie earned about $47,000 a year. However, at the time of the trial on modification of child support, he testified he earned about $65,000 the preceding year. Leslie testified that the highest salary he had ever earned was $75,000. Leslie, who is presently working in a fellowship program at Rancho Vista Medical Center in California, admitted that he could have started a private practice in orthopedic surgery in July 1999, two months before his child support increased. Instead, however, he opted to accept a fellowship in order to become a spine surgeon. Leslie admitted that a doctor with his experience would make far more than he makes as a fellow and that being a spine surgeon was not the only way he could make a living. Paula testified that, at the time of the 1996 agreement, she was not shown any of Les-

lie's salary information which would support the $1,000 monthly increase. According to Paula, the parties fully anticipated that Leslie would finish his residency in July 1999, and immediately begin work as an orthopedic surgeon. Paula, who is also a medical doctor, testified that physicians with her ex-husband's credentials generally make between $180,000 and $250,000 per year.

▮▮▮▮ Automatic increases in child support are generally unenforceable absent evidence showing a certain future event to trigger the change. *Eikenhorst v. Eikenhorst,* 746 S.W.2d 882, 886 (Tex. App.-Houston [1st Dist.] 1988, no writ) (no evidence of material and substantial change in expenses of children to support automatic increase in child support); *see also Abrams v. Abrams,* 713 S.W.2d 195, 196 (Tex.App.-Corpus Christi 1986, no writ) (automatic increases in child support improper absent sufficient evidence showing anticipated future needs of children). The record contains sufficient evidence showing a future event justifying the automatic increase—Leslie's completion of his orthopedic residency in July 1999, and his anticipated entry into private practice. Significantly, the parties structured their agreement to reflect this anticipated change in future events. Paula forfeited valuable rights in consideration of Leslie's agreement and Leslie enjoyed substantial benefits under it. Moreover, Leslie and Paula, through their attorneys, agreed in writing to the terms of the 1996 child-support order, and the court found that agreement to be in the child's best interest. Leslie has failed to bring forth any evidence which would show otherwise. In fact, Leslie himself testified that he agreed to the 1996 order because he had provided such little support for his daughter throughout the first twelve years of her life.

We conclude that Leslie's challenge to the 1996 agreed order is an impermissible collateral attack on the judgment. In addition, even if Leslie could have maintained a collateral attack on the 1996 agreed order, he would not prevail because the trial court did not abuse its discretion in refusing to find the order unenforceable. We overrule Leslie's first issue.

## B. Did the trial court abuse its discretion in refusing to modify Leslie's child-support obligation?

In his second issue, Leslie contends there is uncontroverted evidence which shows as a matter of law that he is entitled to a modification of his child-support obligation. Specifically, he alleges that there has been a material and substantial change of circumstances to warrant a modification. Texas Family Code section 156.401, which sets forth the grounds for modification of a child-support order, states that a court *may* modify an order that provides for the support of a child if:

> (1) the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition; *or*
>
> (2) it has been three years since the order was rendered or last modified and the monthly amount of the child support award under the order differs by either 20 percent or $100 from the amount that would be awarded in accordance with the child support guidelines.

Tex. Fam.Code Ann. § 156.401 (Vernon Supp.2002) (emphasis added). Section 156.402 states that "[t]he court may consider the child support guidelines for single and multiple families ... to determine whether there has been a material or substantial change of circumstances ... that warrants a modification of an existing child support order if the modification is in the best interest of the child." *Id.* § 156.402.

That section also states that "[i]f the amount of support contained in the order does not substantially conform with the guidelines for single and multiple families under Chapter 154, the court may modify the order to substantially conform with the guidelines if the modification is in the best interest of the child." *Id.* § 156.402(b). A court may also consider other relevant evidence in addition to the factors listed in the guidelines. *Id.*

 To prevail in a modification-of-support motion, Leslie, as the one seeking modification, had to show that the circumstances of the child or a person affected by the order had materially and substantially changed since the date of the original order. *See* TEX. FAM.CODE ANN. § 156.401(a)(1) (Vernon Supp.2002). In determining whether support should be modified, the trial court should examine the circumstances of the child and parents at the time of the order and the circumstances existing at the time the modification is sought. *See Liveris v. Ross,* 690 S.W.2d 60, 61 (Tex.App.-Houston [14th Dist.] 1985, no writ). A trial court is given broad discretion in setting child-support payments and also in decreasing or increasing such payments. *Reynolds v. Reynolds,* 452 S.W.2d 950, 953 (Tex.Civ. App.-Dallas 1970, no writ).

When ruling on child-support matters, including a requested modification, the trial court may consider, among other factors: (1) the needs of the child; (2) the ability of the parents to contribute to the child's support; (3) any financial resources available for the support of the child; and (4) the amount of possession of and access to a child. TEX. FAM.CODE ANN. § 154.123 (Vernon 1996). Evidence regarding the parents' financial circumstances or the child's financial circumstances and needs at the time of the divorce and the time of the modification hearing should be pre-

sented to the trial court. *See Farish v. Farish,* 921 S.W.2d 538, 545 (Tex.App.-Beaumont 1996, no writ). Should the requisite changed circumstances appear, the trial court may then alter the child-support obligation. *Id.* If the actual income of a parent is significantly less than his potential income because of intentional underemployment, the court may consider earning potential in setting child support. TEX. FAM.CODE ANN. § 154.066 (Vernon 1996); *Johnson v. Johnson,* 804 S.W.2d 296, 301 (Tex.App.-Houston [1st Dist.] 1991, no writ). Intentional underemployment has been construed to mean a "voluntary choice by the obligor." *See Baucom v. Crews,* 819 S.W.2d 628, 633 (Tex.App.-Waco 1991, no writ) (affirming modification where trial court found that obligor voluntarily became underemployed).

 Leslie claims he has experienced a material and substantial change in circumstances because he has two other children to support. He also contends that the $1500 per month child support imposed in the 1996 order is not in line with his current income and should be reduced to conform to the child-support guidelines. The evidence in the record does not support Leslie's contentions. Leslie had the two other children at the time he agreed to the 1996 order. Furthermore, the fact that Leslie has additional children, without more, is insufficient to support a material and substantial change in circumstances. *See, e.g., Farish,* 921 S.W.2d at 545 (holding an additional child does not represent material and substantial change in circumstances). Moreover, Leslie did not provide the trial court with any evidence of additional expenses associated with his two other children.

Leslie's election to accept a fellowship in spine surgery rather than pursue a private practice in orthopedic surgery scarcely amounts to changed circumstances. Leslie

could not reasonably have expected a modification in child support merely because he elected to pursue a surgery fellowship rather than follow through with his original plan to enter private practice as an orthopedic surgeon. Leslie's employment status has not changed. In fact, Leslie's own testimony shows an increase, not a decrease, in salary since the 1996 order. At the time of the 1996 order, Leslie was a resident in orthopedic surgery and made an annual salary of approximately $47,000. At the time he sought to modify his child support obligation, Leslie had completed his residency and had accepted a fellowship in spine surgery, making more than he made in 1996. The record shows that individuals with Leslie's credentials generally make between $180,000 and $250,000 per year in private practice. Leslie has identified no change that would warrant a modification or reduction in the child-support order to which he agreed in 1996. *See Clark v. Jamison*, 874 S.W.2d 312, 317 (Tex.App.-Houston [14th Dist.] 1994, no writ) (finding evidence insufficient to support a modification of the parties' agreed child-support order).

Most significantly, as the trial court found, Leslie has accepted all the benefits of the 1996 agreed order. Because this finding has not been challenged, it is binding on this court. *See Burrows v. Miller*, 797 S.W.2d 358, 360 (Tex.App.-Tyler 1990, no writ). Leslie agreed to pay $1,500 per month in child support in the agreed order. Leslie took advantage of the lower support in the first twelve years of his daughter's life so that he could fulfill specific career goals, finish his orthopedic res-

idency, and become an orthopedic surgeon. When the parties signed the 1996 agreed order, they anticipated that Leslie would begin to work as an orthopedic surgeon in July 1999, and earn a higher salary. During the following three-year period, Paula honored the terms of the parties' agreement by not seeking a modification or increase in child support. After enjoying the substantial benefits of this agreed order, Leslie cannot now avoid his obligations under it.

Viewing the evidence in the light most favorable to the trial court's judgment, we find no abuse of discretion by the trial court in refusing to modify the 1996 agreed order. Accordingly, we overrule Leslie's second issue.

In his third issue, Leslie alleges that even if there has not been a material and substantial change of circumstances, a modification is justified because he has met the requirements of section 156.401(a)(2) of the Family Code. As previously noted, this section provides that the court may modify a child-support order which is more than three years old and the amount of periodic monthly support differs by 20% or $100.00 from the prior order. Leslie asserts there is uncontroverted evidence that he met these requirements. He testified that it has been more than three years since the 1996 order and that his monthly child-support obligation under the 1996 order differs by either 20% or $100.00 from that provided in the child-support guidelines.[2] Although Leslie meets these requirements, it is within the trial court's discretion whether to follow

2. Leslie states that if the trial court followed the guidelines, the correct support would be $637.00 per month. The difference between that amount and $500.00, which is the amount he paid prior to the increase, is $137.00; and the difference between $637.00 and $1,500, the amount which he is obligated to pay as of September 1999, is $863.00. Therefore, he alleges that because it has been more than three years since the 1996 order, and the difference is more than $100.00, he is entitled to a modification notwithstanding any material change of circumstance.

the child-support guidelines in deciding whether to modify a prior order. *See id.; see also Friermood v. Friermood,* 25 S.W.3d 758, 760 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

The child-support guidelines create a rebuttable presumption that an order entered pursuant to the guidelines is correct and is in the best interest of the child. *See* TEX. FAM.CODE ANN. § 154.122 (Vernon 1996). Leslie's argument assumes that the trial court is required to apply the rebuttable presumption that an order in compliance with the guidelines is reasonable and in the best interest of the child. *Id.* However, when a court modifies previous orders, the use of the rebuttable presumption is discretionary, not mandatory. *See id.* The trial court was entitled to consider the guidelines in determining whether there had been a material change of circumstances warranting modification, but it was not obligated to consider the guidelines. TEX. FAM.CODE ANN. § 156.402(a) (Vernon Supp.2002). Accordingly, because the trial court's actions conformed to the applicable statutes, the trial court did not abuse its discretion in refusing to modify Leslie's child-support obligations under the 1996 order. *See, e.g., Clark,* 874 S.W.2d at 312. We overrule Leslie's third issue.

### C. Did the trial court abuse its discretion by refusing to file child-support findings?

In his fourth issue, Leslie contends the trial court abused its discretion by failing and refusing to file child-support findings under section 154.130(a)(3) of the Family Code. He argues that because the trial court's support order varied from child-support guidelines, the trial court was required to file child-support findings. We disagree. It was within the trial court's discretion whether to file any child-

support findings. Section 154.130 provides in pertinent part:

> (a) Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in *rendering* an order of child support, the court shall make the findings required by Subsection (b) if:
>
> (1) a party files a written request with the court not later than 10 days after the date of the hearing;
>
> (2) a party makes an oral request in open court during the hearing; or
>
> (3) the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines.

TEX. FAM.CODE ANN. § 154.130 (Vernon 1996) (emphasis added). Findings by the trial court are only required when the amount of child support *ordered* or *rendered* by the court varies from the guidelines. *Id.* Here, the court merely denied Leslie's motion to modify an agreed order; it did not issue or render a new child-support order. *See In the Interest of Striegler,* 915 S.W.2d 629 (Tex.App.-Amarillo 1996, writ denied); *Terry v. Terry,* 920 S.W.2d 423 (Tex.App.-Houston [1st Dist.] 1996, no writ) (holding that the section requiring trial court to make findings is only triggered when the trial court sets child support). Thus, the trial court did not abuse its discretion in refusing to make child-support findings. We overrule Leslie's fourth issue.

### D. Did the trial court abuse its discretion in finding that it had no authority to alter the 1996 child-support agreement?

In his fifth issue, Leslie challenges the trial court's conclusion of law that the trial court does not have the authority to alter the agreement entered into by the parties. Leslie argues the trial court abused its discretion in concluding that it lacked au-

thority to modify the prior agreement of the parties regarding child support. The trial court's conclusions of law are not binding on this court; we review them *de novo*. *See Zieba v. Martin*, 928 S.W.2d 782, 786 n. 3 (Tex.App.-Houston [14th Dist. ]1996, no writ); *Zieben v. Platt*, 786 S.W.2d 797, 801–02 (Tex.App.-Houston [14th Dist.] 1990, no writ).

 Where the duty to make support payments arises from an agreement between the parties, rather than from a divorce decree based entirely upon the power conferred by Texas Family Code, the rights and obligations of the parties are governed by the rules of contract. *See Hutchings v. Bates*, 406 S.W.2d 419, 421 (Tex.1966); *Griffin v. Griffin*, 535 S.W.2d 42 (Tex.Civ.App.-Austin 1976, no writ). Although a trial court can modify a divorce decree if the requirements of the Family Code are met, a court cannot modify the terms of an agreement incident to divorce in the absence of fraud, mistake, or consent. *See Hoffman v. Hoffman*, 805 S.W.2d 848, 850 (Tex.App.-Corpus Christi 1991, writ denied); *Ruhe v. Rowland*, 706 S.W.2d 709, 710 (Tex.App.-Dallas 1986, no writ). However, if a party asks, a trial court can modify a child-support agreement that has been incorporated into a court order or decree. *See Leonard v. Lane*, 821 S.W.2d 275, 277 (Tex.App.-Houston [1st Dist] 1991, writ denied). Leslie seeks to modify a child-support agreement that was incorporated into the 1996 court order. The trial court retains all of its statutory authority to make its own orders concerning child support and is not required to adopt the parties' agreement in its entirety. *See Kolb v. Kolb*, 479 S.W.2d 81, 82 (Tex.Civ.App.-Dallas 1972, no writ).

 The trial court erroneously concluded that it had no authority to alter the parties' agreement as incorporated in the 1996 order. Although the trial court's conclusion of law was erroneous, not every erroneous conclusion of law mandates reversal. If the judgment is otherwise correct on the merits and the controlling findings of fact will support a correct legal theory, we will uphold the trial court's judgment. *Waggoner v. Morrow*, 932 S.W.2d 627, 631 (Tex.App.-Houston [14th Dist.] 1996, no writ). Thus, incorrect conclusions of law do not require reversal if the controlling findings of fact support the judgment under a correct legal theory. *Id.* Because the trial court erred in concluding it had no authority to alter the parties' agreement, we will disregard that conclusion of law. The remaining findings of fact and conclusions of law support the judgment and, therefore, we will not reverse.

### E. Did the trial court abuse its discretion in failing to apply the child-support guidelines?

 In his sixth issue, Leslie contends the trial court abused its discretion when it failed to apply the child-support guidelines of section 154.128 and section 154.129 of the Family Code, mandated by section 156.406, for computing support for children in more than one household. In this issue, Leslie challenges the trial court's conclusion of law that the guidelines of the Family Code do not apply to this case. Section 156.406 of the Family Code provides:

> In applying the child support guidelines in a suit under this subchapter, if the obligor has the duty to support children in more than one household, the court shall apply the percentage guidelines for multiple families under Chapter 154.

TEX. FAM.CODE ANN. § 156.406 (Vernon 1996). As previously noted, the applicable provision in this case is § 156.402 of the

Family Code. Tex. Fam.Code Ann. § 156.402. This provision reads:

(a) The court *may* consider the child support guidelines for single and multiple families under Chapter 154 to determine whether there has been a material or substantial change of circumstances under this chapter that warrants a modification of an existing child support order if the modification is in the best interest of the child.

(b) If the amount of support contained in the order does not substantially conform with the guidelines for single and multiple families under Chapter 154, the court may modify the order to substantially conform with the guidelines if the modification is in the best interest of the child. A court may consider other relevant evidence in addition to the factors listed in the guidelines.

*Id.* (emphasis added). As noted in the analysis of Leslie's third issue, the trial court's use of the guidelines in determining whether there has been a material and substantial change in circumstances is completely discretionary, not mandatory. *Escue v. Escue,* 810 S.W.2d 845, 848 (Tex. App.-Texarkana 1991, no writ). The trial court in this case did not *set* child support; it merely refused to modify a previous agreed order of child support. An order of child support that does not comply with guidelines is not enough to establish a material and substantial change in circumstances. *Cole v. Cole,* 882 S.W.2d 90, 92 (Tex.App.-Houston [14th Dist] 1994, writ denied).

■ The child-support guidelines create a rebuttable presumption that an order entered pursuant to the guidelines is correct and is in the best interest of the child. Tex. Fam.Code Ann. § 154.122 (Vernon 1996). Leslie seems to argue that the trial court is required to apply a converse rebuttable presumption in this case—that an agreed order not in accordance with the guidelines is presumed to be incorrect and not in the best interest of the child. We disagree. Even in modifying previous non-agreed orders, the use of the rebuttable presumption is discretionary, not mandatory. *Id.* The trial court may determine that following the guidelines would be unjust or inappropriate under the circumstances. Tex. Fam.Code Ann. § 154.122(b). In view of the discretionary consideration of the guidelines permitted in setting non-agreed child-support orders, it would make little sense to compel application of the guidelines in the modification of an agreed child-support order. *See Clark,* 874 S.W.2d at 318 (finding that following the guidelines is discretionary when reviewing an agreed order of child support). Accordingly, we find the trial court did not abuse its discretion in refusing to apply the guidelines in this case. We overrule Leslie's sixth issue.

Having found no error, we affirm the trial court's judgment.