**Affirmed in Part, Reversed and Remanded in Part, and Opinion filed August 19, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01168-CV

## CHARLES KEENER SCRUGGS, Appellant

## V.

## HEATHER MAUDE LINN, Appellee

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Cause No. 99FD2791**

## O P I N I O N

This case involves a dispute between an oral surgeon and a neurologist over retroactive child support for their now adult daughters. In four issues, appellant Charles Keener Scruggs complains of the trial court's judgment against him for attorney's fees, costs, and retroactive child support in favor of appellee Heather Maude Linn in this suit seeking modification of a final order rendered in a suit

affecting the parent-child relationship.[1]  We reverse and remand the trial court's judgment against Scruggs for amicus attorney fees for a determination of whether the award is in compliance with the parties' mediated settlement agreement (MSA).  We affirm the trial court's judgment in all other respects.

### *Background*

Scruggs and Linn divorced in 2002.  They had two daughters during their marriage.  In the final divorce decree, Scruggs and Linn were appointed as joint managing conservators of their daughters, and Scruggs was ordered to pay child support in the amount of $1,250 per month.  Scruggs filed his petition to modify the parent-child relationship in 2008, alleging the circumstances of the children had "materially and substantially changed since the date of the rendition of the" divorce decree, as the children then were living with Scruggs most of the time.  Scruggs sought to be appointed the joint managing conservator of the children with the right, among other things, to designate their primary residence.  Scruggs also sought to terminate his child support obligation on the basis that Linn had "voluntarily relinquished actual care, control, and possession of the children for at least six months."

Linn filed a counter-petition seeking the right to determine the domicile of the children, retroactive child support, and an increase in Scruggs's child support obligation.  Scruggs amended his petition to seek child support from Linn and to allege that he was "the conservator with the exclusive right to determine the children's residence" and no longer alleged that Linn had "voluntarily relinquished actual care, control, and possession of the children for at least six months" or

---

[1] Scruggs originally brought five issues.  In the first issue, he complained that the trial court erred in failing to file findings of fact and conclusions of law.  We abated the appeal, and the trial court subsequently filed findings of fact and conclusions of law.  We now address the other issues raised by Scruggs.

sought to terminate his child support obligation. The amicus attorney who represented the children filed an original answer seeking her fees and expenses as costs.

Scruggs and Linn subsequently entered into the MSA[2], including, in relevant part, the following terms:

- Scruggs had the right to receive child support from Linn;

- Linn was required to pay $1,160.60 per month in child support beginning June 1, 2010;[3]

- Retroactive child support, if any, would be determined by the trial court;

- Scruggs would reimburse Linn for his portion of any counseling fees paid by Linn on his behalf and would pay any balance owed by him to the psychologist;[4] and

- Scruggs and Linn would pay any balance owed to the amicus attorney before trial and would divide evenly any amicus fees incurred "for trial."

The issues of retroactive child support and attorney's fees were tried to the bench. The trial court thereafter entered a letter "ruling" as follows in relevant part:

- The amicus attorney's fees were "to be paid according to the MSA within 7 days of the final order." The amicus attorney was awarded $4,156.38.

- Scruggs would reimburse Linn for his portion of counseling fees, totaling $5,600, and the remaining counseling fees would be divided

---

[2] The MSA was entitled "Binding Mediated Settlement Agreement–Partial SAPCR."

[3] When the MSA was signed, the elder daughter was 18 years old and no longer subject to child support or possession orders. The younger daughter was 16 years old at that time.

[4] The court appointed a psychologist for the children at the request of Linn and the amicus attorney. The counseling fees covered counseling sessions for the children.

evenly between Scruggs and Linn.

- Scruggs and Linn would each pay their own attorney's fees.

- Scruggs owed Linn $28,750 in retroactive child support, offset by $17,409.90 owed to Scruggs by Linn, leaving a total owed by Scruggs to Linn of $11,341.

- Other costs and fees would be paid by the parties who incurred them.

Linn filed two motions for reconsideration, arguing that the trial court was required to order Scruggs to pay her attorney's fees and all court costs under section 157.167 of the Texas Family Code.[5] The trial court denied the first motion but granted the second and subsequently issued another letter "ruling" that, in addition to the first ruling, required Scruggs to pay $15,000 of Linn's attorney's fees and costs of court.

The trial court thereafter signed a document entitled "Order in Suit to Modify Parent-Child Relationships" (Order), in which it rendered judgment against Scruggs for the retroactive child support offset of $11,341, attorney's fees, and costs. The costs, totaling $18,175, included court-appointed psychologist's fees of $5,230, a high conflict parenting coordinator fee of $925, and amicus attorney fees of $4,604.69.

Scruggs filed a motion for new trial, a request for findings of fact and conclusions of law, and a notice of appeal. The trial court initially did not file findings of fact and conclusions of law. We abated the appeal, and after the trial court filed findings of fact and conclusions of law, the appeal was reinstated.

---

[5] All section references are to the Texas Family Code. Section 157.167, entitled "Respondent to Pay Attorney's Fees and Costs," states: "If the court finds that the respondent has failed to make child support payments, the court shall order [him] to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." Tex. Fam. Code § 157.167.

4

### *Discussion*

In four issues, Scruggs argues the trial court abused its discretion because (1) imposing the costs enumerated in the Order on Scruggs was contrary to the MSA and the award of attorney's fees was not provided for in the MSA; (2) the award of attorney's fees was not required under the Family Code; and (3) the trial court should have terminated Scruggs's child support obligation as of the date he filed the modification suit.

To prevail in a modification suit, a party seeking relief must show that the circumstances of the children or a person affected by the order have materially and substantially changed since the date of the divorce decree. *See* Tex. Fam. Code § 156.401(a)(1); *In re D.S.*, 76 S.W.3d 512, 520 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In determining whether child support should be modified, the trial court is obliged to examine the circumstances of the children and parents at the time of the divorce decree and the circumstances existing at the time of trial in the modification suit. *See In re D.S.*, 76 S.W.3d at 520. Upon a showing of the requisite changed circumstances, the trial court may alter the child support obligations. *See id.*

Trial courts have broad discretion to determine and modify the amount of child support that a parent must pay. *See id.* We review the trial court's modification ruling under the abuse-of-discretion standard. *See id.* The test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). An abuse of discretion does not occur when the record contains some evidence of a substantial and probative character to support the trial court's ruling. *In re T.J.L.*, 97 S.W.3d 257, 266 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

## I.     What is covered by the MSA?

In his second and third issues, Scruggs argues the trial court's rendition of judgment against him for costs and attorney's fees is contrary to the terms of the parties' negotiated MSA.  "If a mediated settlement agreement meets [statutory requirements[6]], a party is entitled to judgment on the mediated settlement agreement notwithstanding . . . another rule of law."     Tex. Fam. Code § 153.0071(e); *see In re Lee*, 411 S.W.3d 445, 447 (Tex. 2013).   A trial court generally does not have discretion to decline to enter judgment on or deviate from an MSA.[7]  *See* Tex. Fam. Code § 153.0071(e); *see also Lee*, 411 S.W.3d at 452-53.

### A. Attorney's fees award is not contrary to the MSA.

In his second issue, Scruggs argues that the MSA reserved only the issue of retroactive child support for trial and thus the trial court abused its discretion in ordering him to pay some of Linn's attorney's fees.[8]  The MSA does not address attorney's fees.     However, it is labeled as a "partial" MSA and addresses retroactive child support, as follows:  "Issue of whether one parent, or both, owe the other parent retro-active or past due child support, shall be determined by the Court."   Contrary to Scruggs' assertion, the MSA does not reserve "only" this issue.   Linn argues that the judgment for attorney's fees against Scruggs was

---

[6] A mediated settlement agreement is binding on the parties if it is signed by each party and by the parties' attorneys who are present at the mediation and states prominently and in emphasized type that it is not subject to revocation.  Tex. Fam. Code § 153.0071(d).  The parties do not dispute that the MSA is binding.

[7] A narrow exception, inapplicable here, allows a court to decline to enter judgment on a statutorily compliant mediated settlement agreement when a party to the agreement was a victim of family violence, the violence impaired the party's ability to make decisions, and the agreement is not in the child's best interest.  *See* Tex. Fam. Code § 153.0071(e-1); *see also Lee*, 411 S.W.3d at 452-53.

[8] Scruggs also argues the trial court abused its discretion in rendering judgment against him for Linn's attorney's fees under section 157.167.  We discuss that issue below.

mandated by the Family Code. *See* Tex. Fam. Code § 157.167 (discussed in detail below). Section 157.167 mandates an award of attorney's fees against the party who failed to make child support payments, except under certain specific circumstances, discussed below. *See id.* Because the MSA, according to its own title—"Binding Mediated Settlement Agreement–Partial SAPCR"—and terms, is merely a partial settlement and does not address attorney's fees, and because the fees issue is related to retroactive child support—the issue expressly reserved for trial in the MSA—we conclude the trial court's award of attorney's fees to Linn was not contrary to the MSA.

**B. Costs award is contrary to the MSA only to the extent that the amicus attorney's fees incurred prior to trial were not paid by the party who owed them and the amicus attorney's fees incurred for trial were not divided equally.**

In his third issue, Scruggs contends the trial court abused its discretion in awarding costs to Linn that purportedly varied from the terms of the MSA. In the MSA, the parties agreed (1) each party was responsible for 50% of the counseling fees, Scruggs would reimburse Linn for any portion of the counseling fees that she paid on his behalf, and Scruggs would pay the counselor directly for any remaining fees he owed; and (2) the parties would pay the amicus attorney "100% of any balance owed to her by either mother or father prior to trial" and each party would pay half of the remaining balance of the time billed for trial within seven days after the completion of trial.

The trial court, in its findings of fact and conclusions of law, found that Linn had "paid in full her court ordered share of the expenses and charges of the Court appointed Amicus, the Court appointed psychologist, and the Court appointed high conflict parenting coordinator" and that Scruggs had failed to pay his share of the same. The court broke down the costs awarded to Linn as follows:

7

- "fees paid to the Court appointed high conflict parenting coordinator . . . in the amount of $925;"

- "fees paid to the Amicus in the amount of $12,000.00; and"

- "fees . . . paid to the Court appointed psychologist . . . which were to be paid by [Scruggs] in the amount of $5,230.00."

In the judgment, the court further awarded the amicus attorney $4,604.69 to be paid by Scruggs.

**Counseling fees**. As set forth above, the parties agreed in the MSA that each party was responsible for 50% of the counseling fees, Scruggs would reimburse Linn for any portion of the counseling fees that she paid on his behalf, and Scruggs would pay the counselor directly for any remaining fees he owed her. At trial, Linn testified that Scruggs owed her $5,600 that she paid to the court appointed psychologist on Scruggs's behalf. It is not clear why the court awarded Linn only $5,230 as costs, but Linn's testimony is evidence of a substantial and probative character that Scruggs owed her $5,600 under the MSA. Accordingly, the trial court's award of $5,230 to Linn for counseling fees was not contrary to the MSA, and the trial court did not abuse its discretion in rendering judgment against Scruggs for this amount.

**Amicus attorney fees**. Scruggs argues that the parties agreed in the MSA to divide the amicus attorney fees "fifty-fifty" and thus the trial court abused its discretion in ordering him to reimburse Linn $12,000 in fees she paid to the amicus attorney and to pay the amicus attorney $4,604.69 in additional fees. The MSA is not as clear as Scruggs represents. It reads, "Parents shall pay the Amicus 100% of any balance owed to her by either mother or father prior to trial with the remaining time billed for trial to be pa[id] 50/50 by each parent within seven days of trial's completion." The MSA neither indicates what fees were owed to the amicus

8

attorney by Scruggs or by Linn before trial nor states that the balance owed "prior to trial" was to be divided equally between Scruggs and Linn.

The party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991); *In re A.L.S.*, 338 S.W.3d 59, 69-70 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). At trial, Linn argued that Scruggs was required under the statute to pay the amicus attorney fees. *See* Tex. Fam. Code § 157.167(a). Accordingly, Linn had the burden to show she was entitled to the $12,000 reimbursement from Scruggs and to show Scruggs was responsible for the remaining fees owed to the amicus attorney.

Linn testified that she had paid the amicus attorney $12,000. The amicus attorney testified, "[M]y firm has been paid [$]13,000 by each party. Both have paid equally up to this point. The last invoice that was submitted, our firm was owed [$]2,656.38. As of this week up until I calculated, . . . that would bring my invoice as of today to $4,156.38." However, there is no evidence in the record of the balance, if any, "owed to [the amicus attorney] by either mother or father ***prior to trial***" or "the remaining time ***billed for trial***" under the MSA.[9] Linn did not meet her burden to show Scruggs was required to pay the amicus attorney fees because the trial court was required to comply with the terms of the MSA, which required Linn and Scruggs to "pay the Amicus 100% of any balance owed to her by either mother or father prior to trial with the remaining time billed for trial to be pa[id] 50/50 by each parent within seven days of trial's completion."[10] Thus, Linn was required to show what amount, if any, of amicus attorney's fees Scruggs owed

---

[9] (Emphases added.)

[10] Generally, a party with the burden of proof who fails to produce evidence of attorney's fees waives her right to those fees, and an award of zero fees is appropriate. *A.L.S.*, 338 S.W.3d at 70. However, here, evidence of the total amount of the amicus attorney fees was adduced at trial, but the proper breakdown of those fees was not presented.

her and the amicus attorney under the MSA. The record does not include the breakdown of (1) what amount was owed before trial and by whom and (2) what amount was billed for trial, which under the MSA was to be split equally between Scruggs and Linn.[11]

As set forth above, the trial court was required to comply with the terms of the MSA. *See* Tex. Fam. Code § 153.0071(e); *Lee*, 411 S.W.3d at 447. We conclude that under the MSA, the trial court was required to award the amicus attorney her fees owed before trial against the party who owed those fees and divide those amicus attorney's fees incurred for trial equally between Scruggs and Linn. We reverse that portion of the trial court's judgment ordering Scruggs to reimburse Linn $12,000 she paid in amicus attorney's fees and to pay the amicus attorney $4,604.69. We remand this issue (1) for proceedings to determine what amount, if any, was owed to the amicus attorney before trial and by whom and what amount was billed for trial; and (2) subsequently to order each party to pay the amicus attorney the amount each owes under the terms of the MSA.

**High conflict parenting coordinator fees**. Scruggs also complains that the judgment against him for this fee of $925 is contrary to the MSA. The trial court appointed a high conflict parenting coordinator at Linn and the amicus attorney's request. The MSA does not address this fee. Although it states that the issue of retroactive child support "shall be determined by the [trial] Court," it does not limit the court from considering other issues not expressly covered by the MSA. We conclude the trial court's judgment against Scruggs for this fee is not contrary to the MSA. The trial court did not abuse its discretion in rendering judgment against

---

[11] The amicus attorney's invoices were not part of the appellate record. It is not clear whether the trial court had access to the invoices. We note that Scruggs preserved this issue for our review because he argued that the amount of amicus attorney fees the trial court ordered him to pay conflicted with the terms of the MSA.

10

Scruggs for this amount based on his claim that it is contrary to the MSA.

**Conclusion**. The trial court's judgment against Scruggs for Linn's attorney's fees, counseling fees, and high conflict parenting coordinator fees is not contrary to the MSA, as Scruggs contends. Accordingly, the trial court did not render a judgment contrary to the MSA or abuse its discretion in rendering judgment against Scruggs as to these fees. We overrule Scruggs's second issue pertaining to his argument that Linn's attorney's fee award was contrary to the MSA. We cannot determine from the record whether the judgment for amicus attorney's fees is contrary to the MSA. We reverse and remand this issue as discussed above. We overrule Scruggs's third issue in all other respects.

**II.     Was the attorney's fee award against Scruggs allowed under or mandated by the Family Code?**

Scruggs also argues in his second issue that the trial court erroneously concluded it was required to render judgment for Linn's attorney's fees against Scruggs, and in so doing, abused its discretion. In its findings of fact and conclusions of law, the trial court concluded Linn was entitled to her attorney's fees "pursuant to Sections 106.002 and 157.167(a)" and "no good cause exists under Sections [sic] 157.167(c) . . . to waive the requirement that . . . Scruggs pay [Linn's] reasonable attorney fees and court costs."

Section 106.002, entitled "Attorney's Fees and Expenses," allows the trial court to render judgment for reasonable attorney's fees and expenses to be paid directly to the attorney. Tex. Fam. Code § 106.002(a). Section 157.167 states, in relevant part: "If the court finds that the respondent has failed to make child support payments, the court shall order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages." *Id.* § 157.167(a). Under subsection (c), "for good cause shown, the court may waive

11

the requirement that the respondent pay attorney's fees and costs if the court states the reasons supporting that finding." *Id.* § 157.167(c). The trial court has broad discretion in awarding attorney's fees, particularly in child support cases. *In re W.R.B.*, No. 05-12-00776-CV, 2014 WL 1008222, at *7 (Tex. App.—Dallas Feb. 20, 2014, pet. filed) (mem. op.)

Scruggs argues that because the trial court determined that he and Linn had both failed to make child support payments, "it could have ordered either party to pay the other's attorney's fees." Construing this argument liberally to be an argument that Scruggs showed good cause for the trial court to waive the attorney's fees requirement, we conclude that Scruggs did not make that showing.[12]

At trial, Scruggs admitted that he made only one or two child support payments after he filed the modification suit. His only explanation was that he thought he did not have to pay child support after filing suit based on advice from counsel: "I got advi[c]e from my attorney who told me I didn't have to pay anymore." On cross examination, Linn's counsel asked, "[Y]ou're saying [your attorney], a board certified family law lawyer, told you not to pay child support?

---

[12] Even if he had, the trial court was not required under the statute to waive the fees requirement. Tex. Fam. Code § 157.167(c) ("[F]or good cause shown, the court *may* waive the requirement that the respondent pay attorney's fees and costs.") (emphasis added). Scruggs also argues that the trial court was not required to render judgment against him under subsection (d). Under subsection (d):

> If the court finds that the respondent is in contempt of court for failure or refusal to pay child support and that the respondent owes $20,000 or more in child support arrearages, the court may not waive the requirement that the respondent pay attorney's fees and costs unless the court also finds that the respondent:
>
> > (1) is involuntarily unemployed or is disabled; and
> >
> > (2) lacks the financial resources to pay the attorney's fees and costs.

*Id.* § 157.167(d). We need not address that argument, as the trial court expressly concluded that it awarded Linn's attorney fees under subsection (a).

That's what you want us to believe?" Linn's counsel also asked Scruggs why, if he thought he no longer had to make payments, he still made one or two payments after filing the modification suit. At first Scruggs responded that his assistant inadvertently made a payment, but then he admitted that he "maybe" signed the check for that payment and wrote "unfair" on it. The trial court, as the factfinder, was the sole judge of Scruggs's credibility and could disbelieve Scruggs's testimony that his attorney told him he did not have to pay child support. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

Linn, moreover, testified that she was seeking attorney's fees because of Scruggs's behavior in prolonging the modification suit. The trial court could take this evidence into consideration in its good cause determination. *See T.J.L.*, 97 S.W.3d at 266 (noting no abuse of discretion occurs when record contains some evidence of a substantial and probative character to support the trial court's ruling).

Considering the above evidence, we conclude the trial court did not abuse its discretion in concluding that Scruggs did not show good cause for his failure to pay child support and in rendering judgment against him for Linn's attorney's fees.[13] We overrule this issue.

### III. Did Scruggs have a live claim at trial for termination of his child support obligation?

In two issues, Scruggs argues the trial court abused its discretion in awarding retroactive child support to Linn because Scruggs originally pleaded for

---

[13] Pursuant to the MSA, Linn had agreed to pay child support of $1,160.60 per month beginning June 1, 2010. Linn testified at trial that she was required to make the payments to the Attorney General's State Disbursement Unit. She said that she sent the payments there and they were returned because the custodial parent on the account had not been changed to Scruggs. Linn testified that she took the money she was ordered to pay and put it into a bank account for the children. We need not decide whether Linn showed good cause not to pay child support because Scruggs does not argue on appeal that the trial court should have ordered Linn to pay his attorney's fees.

termination of his child support obligation and he had primary custody of the children. In his original petition, Scruggs sought to terminate his child support obligation on the basis that Linn had "voluntarily relinquished actual care, control, and possession of the children for at least six months." However, he amended his petition to seek child support from Linn and, concededly, no longer sought termination of his child support obligation. As the trial court found in its findings of fact and conclusions of law, Scruggs's amended petition was the live petition at trial, and it is the most recent one in the appellate record.

An amended petition completely replaces and supersedes the previous pleading. *See J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*, 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("An amended petition . . . supersedes all prior petitions and operates to dismiss . . . causes of action to the extent they are omitted from the amended pleading."). Scruggs argues, however, that the MSA gave Linn notice that he was seeking termination of his child support obligation as of the date the modification suit was filed. The MSA states, "Issue of whether one parent, or both, owe the other parent retro-active child support, shall be determined by the Court." It neither indicates which parent had a claim for retroactive child support nor specifies that Scruggs was seeking to terminate his child support obligation as of the date the modification suit was filed.[14]

---

[14] Linn's counter-petition, however, included a claim for retroactive child support. The trial court concluded that both parents owed retroactive child support but found in its findings of fact and conclusions of law that the amended petition sought only modification of conservatorship, possession, and future child support, and attorney's fees and costs. The court further found that "at the time of trial[, Scruggs] had no active claims remaining from his First Amended Petition . . . , only a claim for attorney fees, which could not exist as a stand-alone cause of action, and had not filed a pleading seeking retro-active child support." Scruggs's claims in the amended petition, other than for attorney's fees and costs, were resolved by the MSA.

We conclude the trial court did not abuse its discretion in awarding Linn retroactive child support. We overrule these issues.

### *Conclusion*

Because we cannot determine from the record whether the judgment for amicus attorney's fees is contrary to the MSA, we reverse and remand this issue to the trial court (1) for proceedings to determine what amount, if any, was owed to the amicus attorney before trial and by whom and what amount was billed for trial; and (2) subsequently to order each party to pay the amicus attorney the amount each owes under the terms of the MSA. We affirm the judgment of the trial court in all other respects.


/s/　　　　　Martha Hill Jamison
　　　　　　　Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

15