

# NUMBER 13-20-00440-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ANGELIC ROMO

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Justice Longoria[1]**

Relator Angelic Romo seeks mandamus relief from the trial court's order granting the withdrawal and substitution of counsel in favor of real party in interest Samuel Suarez. Relator contends that the trial court improperly granted the motion to withdraw Greg Hokenson as counsel and allow substitute counsel absent a sufficient showing of good cause and by failing to "consider whether foreseeable prejudice would result from Mr.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Hokenson's continued representation of Real Party In Interest Magnum Oil Tools International, Ltd. [(Magnum)] after withdrawal from his representation of [Suarez]." We deny relator's petition for mandamus relief.

## I.   MANDAMUS

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 839–40. In other words, we give deference to a trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

Absent extraordinary circumstances, mandamus will not issue unless the relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding) (citing *Walker*, 827 S.W.2d at 839). This requirement "has no comprehensive definition." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). Whether a clear abuse of discretion can be

adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *Id*.

An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). When the benefits outweigh the detriments, we must conduct further analysis. *Id*. An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11; *Walker*, 827 S.W.2d at 843–44. An appellate court should also consider whether mandamus will allow the court "to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments" and "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (quoting *Prudential*, 148 S.W.3d at 136).

## II. DISCUSSION

Relator brought a personal injury lawsuit for damages arising from a motor vehicle accident, alleging negligence against Suarez, the driver of the other vehicle that collided with relator, and vicarious liability against Suarez's employer, Magnum. On September 12, 2019, a joint answer was filed on behalf of Suarez and Magnum by attorney Robert

3

R. Stearns. On February 12, 2020, Hokenson, an attorney with the same firm as Stearns, made an appearance and took over as lead counsel for Suarez and Magnum. Subsequently, on September 3, 2020, attorneys Tracy Freeman and Stephen A. Hebert from a different law firm filed "Samuel Suarez's Motion to Withdraw and Substitute Counsel," seeking to have Hokenson removed as Suarez's counsel and Freeman and Hebert substituted. Hokenson's representation of Magnum would continue. Relator opposed the motion, arguing good cause had not been shown. *See* TEX. R. CIV. P. 10 ("An attorney may withdraw from representing a party only upon written motion for good cause shown."). Suarez and Magnum filed a joint reply to relator's opposition, arguing that Hokenson was not required to show good cause because professional considerations required his withdrawal from representing Suarez. A hearing was held and the trial court subsequently granted Suarez's motion, allowing Hokenson to withdraw and substituting Freeman and Hebert as Suarez's counsel. This original proceeding ensued.

## A.   Representation of Suarez

As their attorney, Hokenson acts as a fiduciary to Suarez and Magnum, a relationship characterized by "integrity and fidelity," and which requires "most abundant good faith," absolute perfect candor, openness, and honesty, and the absence of any concealment or deception. *Goffney v. Rabson*, 56 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (quoting *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 160 S.W.2d 509, 512 (Tex. 1942), and citing *Perez v. Kirk & Carrigan*, 822 S.W.2d 261, 263–66 (Tex. App.—Corpus Christi–Edinburg 1991, writ denied)). This relationship and the duties it imposes align with the additional duty, provided by the disciplinary rules, to promptly withdraw from multiple representation if a conflict of interest arises. TEX.

4

DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(e). As the rules recognize, to protect the duties he owes to his client, an attorney may not be able to reveal the circumstances of such a conflict to the trial court. *Id*. R. 1.06(e), cmt. 3. And a trial court should not expect or demand that he do so; to the contrary, judges have an obligation to enforce ethical standards in our system of justice. *See, e.g.*, TEX. CODE JUD. CONDUCT, Canon 1, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. B ("A judge should participate in establishing, maintaining, and enforcing high standards of conduct . . .."); *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 506–07 (Tex. 2015) (Guzman, J., concurring) (noting that courts have been constitutionally and statutorily charged with the "solemn duty" to promote and enforce ethical behavior by attorneys); *see also In re Reed*, No. 02-18-00088-CV, 2018 WL 1974470, at *5 (Tex. App.—Fort Worth Apr. 26, 2018, no pet.) (orig. proceeding) (holding that an attorney should be allowed to withdraw where attorney believed there was a conflict of interest but did not divulge the conflict to the trial court). The trial court, as the factfinder, was the sole judge of credibility and was free to accept Hokenson's assertions that he had cause to withdraw. *See, e.g., Scruggs v. Linn*, 443 S.W.3d 373, 382 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)); *In re Marriage of Harrison*, 557 S.W.3d 99, 116 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (holding that the trial court had not abused its discretion in granting attorney's request to withdraw where she represented a conflict had arisen that prevented her from ethically representing a party but did not give any further information or detail regarding the supposed conflict).

Accordingly, the trial court did not abuse its discretion in allowing Hokenson to withdraw as counsel for Suarez. *In re Marriage of Harrison*, 557 S.w.3d at 116.

## B.       Continued Representation of Magnum

Relator contends that there would be a conflict of interest to allow Hokenson to withdraw from representing Suarez, but to continue to represent Magnum. This issue is not properly before this Court. Relator did not contest the representation of Magnum by Hokenson, but rather Relator specifically contested the withdrawal of Hokenson from the representation of Suarez, which we have already addressed. There was no motion to disqualify Hokenson as counsel for Magnum, nor any order related to such representation; the order before this Court relates to the withdrawal and substitution of counsel for Suarez. *See* TEX. R. APP. P. 33.1.

## III.       CONCLUSION

The Court, having examined and fully considered the amended petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that the relator has failed to meet his burden to obtain mandamus relief. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
29th day of March, 2021.

6