**Reversed and Remanded and Opinion filed January 27, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00199-CV

## IN THE INTEREST OF A.D.B. AND A.D.B., MINOR CHILDREN

**On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 2013-52107**

## OPINION

Maternal grandfather and maternal step-grandmother ("Grandparents") appeal the trial court's Order in Suit to Modify Parent-Child Relationship contending the trial court abused its discretion when it did not enter judgment based on a mediated settlement agreement signed by Grandparents, Father, and the amicus attorney. We reverse and remand.

### BACKGROUND

Mother and Father married in 2008 and had two children during their marriage. Mother and Father divorced in 2014 and were named joint managing

conservators in the final divorce decree. After the divorce, the children primarily lived with Father and stayed with Mother the first, third, and fifth weekend of each month. In 2018, Mother was given temporary custody of the children after bruising was observed on them. Mother lived with the children at the Grandparents' home from July to October 2018, but then she moved in with her boyfriend, who is a registered sex offender. The children remained with Grandparents until June 2019, at which time Father was awarded custody again.

While the children still lived with Grandparents, Father filed his Original Petition in Suit to Modify Parent-Child Relationship on August 16, 2018, seeking to modify the final divorce decree because the circumstances had materially and substantially changed since the divorce decree's rendition. Father requested, among other things, that (1) he be appointed sole managing conservator and Mother be appointed possessory conservator with only supervised visitation with the children because she is living with a registered sex offender, and (2) Mother's child support obligations be increased.

Mother filed an Original Emergency Petition to Modify Parent-Child Relationship on August 16, 2018, seeking to modify the final divorce decree because the circumstances had materially and substantially changed since the divorce decree's rendition in that "the minor children's present living environment with [Father] has endangered their physical health and/or significantly begun to impair their emotional development." Mother requested, among other things, that (1) she be appointed sole managing conservator of the children, (2) Father and his family members be denied access to the children or, alternatively, Father be granted only supervised visitation, and (3) Father be ordered to make child support payments and "provide medical child support."

Grandparents filed a Petition in Intervention in Suit to Modify Parent-Child

Relationship on January 25, 2019, seeking, among other things, that (1) they be appointed sole managing conservators of the children because Mother and Father "have engaged in a history or pattern of child abuse and/or neglect," and (2) Mother and Father be denied access to the children or, alternatively, Father and Mother be granted only supervised visitation. A few days later, Grandparents filed their First Amended Petition in Intervention in Suit to Modify Parent-Child Relationship, which is almost identical to their original petition.

On November 1, 2019, Mother, Father, Grandparents, and the amicus attorney attended mediation in an attempt to resolve their differences regarding the possession of and access to the children. Mother left the mediation before an agreement was reached. Father, Grandparents, and the amicus attorney continued to mediate after Mother left and signed a Binding Partial Settlement Agreement. This mediated settlement agreement (MSA) provided, among other things, as follows:

Conservatorship:

The parties agree that [Father] shall have all the exclusive rights under Texas Family Code Section 153.132[;] rights and the issue o[f] whether the mother is possessory conservator and the father [is] sole managing conservator or both parents are joint managing conservators is an issue that the court will decide. Father shall have the exclusive right to establish the primary residence and domicile of the child in Harris County, Texas or counties contiguous to Harris County, Texas.

The parties further agree that [Grandparents] shall not be named as conservators and shall be entitled to possession and access of the children as set forth herein.

Possession of Child

The grandparents shall have the 1st weekend of each month beginning on the first Friday of the month at 6:00 p.m. and ending on the following Sunday at 6:00 p.m. only after grandparents complete the HGI Counseling program that they have been attending thus far unsupervised. Possession shall begin November 15, 2019 at 6:00 p.m.

3

Father shall surrender the children to grandparents at his residence for pickup and grandparents shall surrender the children to father at their residence.

The grandparents shall also have 15 consecutive days each summer with written notice by April 1st of each year. Father shall surrender the children to grandparents at his residence and grandparents shall surrender the children to father at their residence.

The grandparents shall also have in odd years Christmas eve at noon until Christmas day at 6:00 p.m. and in even years the day after school recesses for Christmas at 6:00 p.m. and ending on Christmas eve at 6:00 p.m. Father shall surrender the children to grandparents at his residence and grandparents shall surrender the children to father at their residence.

The parties further agree that should mother not notify father 24 hours before her visitation that she intends to exercise her period of possession as court ordered, father will immediately notify by text or email grandparents who have the option to exercise mother's period of possession should they wish to do so (this includes weekend, mid week and holiday/spring break as ordered by the court however for the summer period, father shall have the first 7 consecutive days of any missed or unused portion of mother's summer period of possession as ordered by the court, if any). If grandparents elect this option, grandparents will pick up and deliver back the children at father's residence.

Mother's period of possession are not agreed upon by the parties and shall be decided by the court.

[Father] will have possession at all times other than as specified herein with regard to the grandparents and father.

*   *   *

ATTORNEYS FEES AND COSTS

Each party to this mediated settlement agreement shall pay own attorney's fees and costs in this case. Amicus fees shall be paid as follows: any remaining balance, father shall pay 1/3 and grandparents shall pay 1/3 but amicus will split grandparent's portion to half before final entry and the remaining half after entry if grandparents need her to.

OTHER:

- Grandparents shall pay the children's counseling and/or prescribed medicines that are prescribed as a result of the counseling sessions each month not to exceed $100.00 total per month (whether one child or both the total shall not exceed $100 per month). Father shall send proof of the uninsured portion paid by him to the grandparents at their address and grandparents shall pay said sum directly to father at his address within 10 days of receipt of the written proof of this uninsured medical expense.

- Each party shall pay their own respective counseling expenses.

- Each party shall take the child to any scheduled medical appointment or counseling session if it is scheduled during their respective period of possession.

- If any periods of possession by grandparents are not exercised at least 50% of the time, the parties agree that this shall be grounds to file a motion to modify.

- The parties agree that [Grandfather] and/or [Grandmother] shall have the right to consent for the children to medical and dental care not involving an invasive procedure and the right to consent to medical, dental and surgical treatment during an emergency involving an immediate danger to the health and safety of the children.

On November 7, 2019, the case proceeded to trial. Father appeared with counsel, Mother appeared pro se, Grandparents appeared with counsel, and the amicus attorney appeared. Before proceeding to Mother's "case-in-chief and her request," Father informed the trial court that (1) the parties attended mediation but were unable to reach an agreement with Mother, and (2) Father, Grandparents, and the amicus attorney signed the MSA. Father asked that "to the degree possible, that the MSA control in the rulings" and that Father "prove up the MSA and the Court take notice of the time schedule before making a rendition on mom's case-in-chief."

5

As Father testified regarding the MSA, the trial court inquired if the parties could provide any authority that would support approval and adoption of the MSA when one party (Mother) did not sign it. The parties could not cite any authority; Father agreed that the MSA is his "proposed requested relief" and the amicus attorney agreed that the MSA "is not binding on the court." Grandparents made no objections and remained silent. The trial court then proceeded to hear Mother's petition for modification of the parent-child relationship and asked her to make an opening statement. However, Mother did not want to proceed on her petition; she asked to only defend against Father's request to modify, requested unsupervised visitation with the children, and orally nonsuited her petition for modification, which the trial court granted. The trial court then proceeded to hear Father's petition for modification. Father testified in trial that he had settled with Grandparents with the MSA. Grandparents, in closing, asked the trial court to adopt the MSA as to their claims.

After hearing testimony from Father and Mother as well as closing arguments from Father, Mother, Grandparents, and the amicus attorney, the trial court, among other things, (1) refused to adopt the MSA in its entirety; (2) appointed Father as the sole managing conservator; (3) appointed Mother as possessory conservator entitled to supervised visitation every first, third, and fifth Saturday of the month; (4) allowed Grandparents visitation with the children on the fourth weekend of every month and 15 consecutive days in the summer (not to conflict with Mother's weekend visitation); and (5) adopted "the agreement that the grandparents shall pay the children's counseling and or prescribed medicines" not to exceed $100 per month. There were no objections by the parties regarding the trial court's ruling.

The trial court signed an Order in Suit to Modify Parent-Child Relationship

on December 19, 2019, in accordance with the oral pronouncements it made at trial. Grandparents did not file a motion for new trial to complain about the trial court's order and refusal to adopt the MSA. They filed a request for findings of fact and conclusions of law on January 2, 2020, and a notice of past due findings of fact and conclusions of law on January 23, 2020. They filed a notice of appeal on March 6, 2020.

Grandparents filed their Appellants' Opening Brief on September 3, 2020, arguing the trial court abused its discretion by refusing to enter judgment on the MSA and asking this court to order the trial court to enter findings of fact and conclusions of law. We issued an order in accordance with the request, and the trial court entered findings of fact and conclusions of law on October 1, 2020. Thereafter, Grandparents filed Appellants' Supplemental Opening Brief.

## ANALYSIS

On appeal, Grandparents argue the "trial court clearly abused [its] discretion by refusing to enter judgment based upon the parties' mediated settlement agreement." More specifically, Grandparents contend (1) they were entitled to judgment on the MSA in its entirety because it meets the statutory requirements set forth in Texas Family Code section 153.0071(d);[1] and (2) it was an abuse of discretion for the trial court to (a) "[o]rder some parts of the grandparent visitation while ignoring others (in so far as they did NOT interfere with Mother's court

---

[1] Texas Family Code section 153.0071(d) provides: "A mediated settlement agreement is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed." Tex. Fam. Code Ann. § 153.0071(d). Section 153.0071(e) provides: "If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id.* § 153.0071(e).

7

ordered visitation),” and (b) “[r]equire grandparents to comply with portions of the MSA (paying medical expenses, counseling costs, getting some visitation dates but not others, giving up their custody claim) while not recognizing grandparents[’] right to the full benefit of the MSA.”

## I. Preservation

We note that Grandparents failed to object at trial to the trial court’s ruling adopting some portions of the MSA but refusing to adopt the MSA in its entirety. Grandparents also failed to file a motion for new trial to apprise the trial court of the complaints they now assert on appeal. Nonetheless, they preserved their complaints for appeal by filing a request for findings of fact and conclusions of law, specifically seeking the trial court’s reasons for failing to adopt the MSA. *See Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 785 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (“a party asserting an affirmative defense in a bench trial must request findings in support of that defense in order to avoid waiver on appeal”); *see also Tagle v. Galvan*, 155 S.W.3d 510, 516 (Tex. App.—San Antonio 2004, no pet.) (“a properly prepared request for findings or additional findings specifically drawing a trial court’s attention to the *Harris County/Casteel* problem will likely be sufficient to preserve error”). We therefore can proceed to address the merits of Grandparents’ assertions.

## II. Applicable Law and Standard of Review

Texas has a policy encouraging “the peaceable resolution of disputes” and especially disputes involving the parent-child relationship. *In re Lee*, 411 S.W.3d 445, 447 (Tex. 2013) (orig. proceeding). In furtherance of that policy, a trial court may refer a suit affecting the parent-child relationship to mediation and, if an MSA is reached, must enter a judgment on the MSA without inquiry into whether the MSA is in the best interest of a child. *See* Tex. Fam. Code Ann. § 153.0071(c)-(e);

8

*see also In re Lee*, 411 S.W.3d at 447.

Pursuant to section 153.0071, an MSA is binding on the parties to the agreement if it: (1) "provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation"; (2) "is signed by each party to the agreement"; and (3) "is signed by the party's attorney, if any, who is present at the time the agreement is signed." *See* Tex. Fam. Code Ann. § 153.0071(d). However, section 153.0071(e-1) provides that a court may decline to enter a judgment on an MSA if the court finds that (1) a party to the agreement was a victim of family violence; (2) that circumstance impaired the party's ability to make decisions; and (3) the agreement is not in the child's best interest. *Id*. § 153.0071(e-1). For this narrow exception to apply, all three requirements must be found by the trial court. *See In re Lee*, 411 S.W.3d at 453.

Otherwise, if an MSA meets the requirements of section 153.0071(d), a party is entitled to judgment on the MSA and a trial court generally does not have discretion to decline to enter judgment on or deviate from an MSA. *See id*. at 450; *Scruggs v. Linn*, 443 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Whether a mediated settlement agreement complies with statutory requirements is a question of law, which we review de novo." *Betts v. Betts*, No. 14-11-00267-CV, 2012 WL 2803750, at *2 (Tex. App.—Houston [14th Dist.] July 10, 2012, pet. denied) (mem. op.).

## III. Application

We first turn to Grandparents' argument that the trial court abused its discretion by refusing to enter judgment based on the parties' MSA. Grandparents contend they were entitled to judgment on the MSA in its entirety because it

satisfied the statutory requirements set forth in Texas Family Code section 153.0071(d). We disagree. Contrary to Grandparents' assertion, the trial court did not abuse its discretion in refusing to enter judgment on the MSA in its entirety despite the fact that (1) the parties to the MSA (Father, Grandparents, and amicus attorney) signed it; (2) the MSA was also signed by Father's and Grandparents' attorneys; and (3) the MSA contained a prominently displayed statement in boldfaced, underlined, capital letters that it is not subject to revocation.

Here, several terms and provisions of the MSA (like Mother's time of possession and Grandparents' right to consent to medical and dental care) infringed on Mother's parental rights, and Mother did not sign the MSA and was not a party to it. Therefore, she cannot be bound under section 153.0071 by the MSA that was only signed by Father, Grandparents, and the amicus attorney. *See* Tex. Fam. Code Ann. § 153.0071(d), (e); *In re A.J.I.L.*, No. 14-16-00350-CV, 2016 WL 6110450, at *6 (Tex. App.—Houston [14th Dist.] Oct. 18, 2016, pet. denied) (mem. op.) ("Here, although the MSA admitted at trial complies with the statutory requirements of section 153.0071(d), the record is clear that Father was not a party to the agreement. Therefore, the MSA was not binding on Father, and the trial court was not statutorily required to carry out its terms" with regard to Father.). We reject Grandparents' contention that the trial court abused its discretion when it did not adopt the entire MSA in its order to modify the parent-child relationship.

We next address whether Grandparents were entitled to judgment on the MSA except for those terms and provisions that infringed on Mother's rights. Grandparents assert that the trial court abused its discretion by incorporating some provisions of the parties' MSA but refusing to adopt others that also do not affect Mother's rights. We agree.

Our research has yielded no case that has found section 153.0071 requires

the court to adopt a partial MSA as the one signed by the parties in this case. Even so, we believe that section 153.0071's language as well as the policy of the state of Texas encouraging "the peaceable resolution of disputes" especially those involving the parent-child relationship support the conclusion that the present MSA is binding on the parties who signed it and that Grandparents are entitled to judgment on the MSA except for those terms and provisions in the MSA that infringe on Mother's rights. *See* Tex. Fam. Code Ann. § 153.0071(d), (e); *In re Lee*, 411 S.W.3d at 447.

Additionally, the parties stipulated at trial that the MSA is irrevocable and binding on the parties to the MSA. The trial court also acknowledged that although the MSA is not binding on Mother, it is binding on Father, Grandparents, "and possibly the Amicus Attorney." "A stipulation constitutes a binding contract between the parties and the court." *Richardson v. Mills*, 514 S.W.3d 406, 419 (Tex. App.—Tyler 2017, pet. denied); *Cooper v. Cochran*, 288 S.W.3d 522, 535 (Tex. App.—Dallas 2009, no pet.); *Houston Lighting & Power Co. v. City of Wharton*, 101 S.W.3d 633, 641 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

We conclude that Grandparents were not entitled to judgment on the MSA in its entirety, but they were entitled to judgment on the MSA excluding those terms and provisions that infringe on Mother's rights. Because the trial court abused its discretion by refusing to enter judgment based upon the parties' MSA, we reverse the trial court's Order in Suit to Modify Parent-Child Relationship and remand the case to the trial court to enter judgment incorporating the parties' MSA except for those terms and provisions that infringe on Mother's rights.

## CONCLUSION

We reverse the trial court's Order in Suit to Modify Parent-Child Relationship and remand the case to the trial court to enter an order in accordance with this court's opinion.


/s/    Meagan Hassan
       Justice


Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.