**Opinion filed May 23, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00100-CV

_____

## IN THE INTEREST OF I.C. AND J.C., CHILDREN

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-20-08-0902-FM**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an agreed order in a suit affecting the parent-child relationship.  The trial court signed the agreed order based upon the parties' mediation settlement agreement (MSA).  Appellant is the father of the minor children, I.C. and J.C.  Appellee is the grandmother of the children.  Appellant brings two issues on appeal.  We affirm.

*Background Facts*

On August 25, 2020, Appellee filed the underlying suit affecting the parent-child relationship wherein she asserted that the children's present circumstances

would significantly impair their physical health or emotional development. Appellee and the children's mother appeared on October 1, 2020 for a hearing on temporary orders. On December 11, 2020, the trial court signed temporary orders that appointed Appellee and the parents as temporary joint managing conservators of the children. The temporary orders also ordered that Appellee would have the exclusive right to designate the primary residence of the children and to receive child support on behalf of the children. The temporary orders further provided that Appellant would have not possession or access to the children and that the mother would need to begin a therapeutic program with a battered women's shelter in order to have supervised possession and access to the children.

The parties attended a mediation on November 10, 2021 that resulted in a signed MSA that was filed with the trial court on November 12, 2021. At the top of the MSA, the following words appeared: "**THIS AGREEMENT IS NOT SUBJECT TO REVOCATION**." The MSA provided that it resolved all claims and controversies between the parties. It also provided that its terms and conditions would be incorporated into a final decree, order, or judgment that the parties would present to the trial court for entry, and that its terms were "binding, enforceable, and irrevocable" in accordance with various laws, including Section 153.0071 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 153.0071 (West Supp. 2023). The MSA was signed by each of the parties and their attorneys. The terms of the MSA largely mirrored those of the temporary orders—Appellee was granted the exclusive right to designate the residence of the children and to receive child support on their behalf. The MSA also provided for limited possession and access to the children by Appellant and the children's mother.

For reasons that are not clear from the appellate record, the trial court did not sign an order memorializing the terms of the November 10, 2021 MSA until

April 11, 2023, when the trial court signed a "Corrected – Agreed Order in Suit Affecting the Parent-Child Relationship." Appellant appeals from this agreed order. The agreed order recites that the trial court conducted a hearing with respect to its entry on October 24, 2022. The reporter's record from this hearing reflects the basis for Appellant's appeal from the agreed order: that Appellant did not believe that the agreed order should be signed based on events that occurred after the execution of the MSA. The trial court advised counsel for Appellant that the order reflecting the MSA should be signed first, after which Appellant could file a petition to modify it.

*Analysis*

Appellant presents two issues on appeal. In his first issue, Appellant asserts that the trial court erred "in signing an order reflecting an agreement made seventeen (17) months prior without further consideration." Appellant contends that he "raised material changes in circumstances" that the trial court should have considered before signing the agreed order based upon the MSA. He asserts that the trial court's failure to consider changed circumstances occurring after the mediation interfered with the parents' "fundamental parental rights that are protected by due process," and is inconsistent with the trial court's "best interest of the child" determination. *See* FAM. § 153.002 (West 2014).

"If a mediated settlement agreement meets [certain requirements], a party is *entitled to judgment* on the mediated settlement agreement notwithstanding . . . another rule of law." *In re Lee*, 411 S.W.3d 445, 447 (Tex. 2013) (quoting FAM. § 153.0071(e)). We review a trial court's decision to render judgment on an MSA under Section 153.0071 for an abuse of discretion. *See id.*; *Scruggs v. Linn*, 443 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding that the trial court generally does not have discretion to decline to render judgment on or deviate from an MSA). If an MSA meets the statutory requirements, a party is

3

entitled to judgment on the MSA notwithstanding Rule 11 of the Texas Rules of Civil Procedure "or another rule of law." FAM. § 153.0071(e); *Scruggs*, 443 S.W.3d at 378; *see Highsmith v. Highsmith*, 587 S.W.3d 771, 775 (Tex. 2019) ("In other words, a statutorily compliant MSA is binding on both the parties and the trial court, subject to a few narrow exceptions.") (citing Section 153.0071(e-1) as an example).

In *Lee*, the Texas Supreme Court determined that, based upon the language of Section 153.0071, the trial court is prohibited from denying a motion to enter judgment on a properly executed MSA "based on a broad best interest inquiry." 411 S.W. 3d at 457–58. In this regard, the court noted that Section 153.0071 omits the broad best interest inquiry set out in Section 153.002. *Id.* at 454–55. Thus, Section 153.0071(e-1) sets out the only means by which an MSA that meets the requirements of Section 153.0071(d) may be rejected by the trial court. *See id.* Under Section 153.0071(e-1), an MSA may only be rejected in instances of family violence that impaired a party's ability to make decisions or the MSA would permit a child to either reside with or have unsupervised contact by a registered sex offender *and* the agreement is not in the child's best interest. FAM. 153.0071(e-1); *see Lee*, 411 S.W.3d at 452.

The court held in *Lee* that a broad best interest inquiry under Section 152.002 is foreclosed by its omission from Section 153.0071. *See Lee*, 411 S.W.3d at 457–58. Accordingly, because the exceptions in subsection (e-1) do not apply in this case and the statute and *Lee* preclude a broad best interest inquiry, Appellant's assertion that the trial court should have conducted a best interest inquiry is without merit. *See id.* We further note that Section 153.0071 does not contain a provision that permits the trial court to reject an MSA based upon changed circumstances occurring after the mediation, or the fundamental nature of parental rights. Accordingly, the trial court did not abuse its discretion by denying Appellant's attempt to prevent the

entry of an order that set out the terms of the parties' MSA. We overrule Appellant's first issue.[1]

Appellant asserts in his second issue that the trial court erred in vacating an order it signed on February 21, 2023. In support of his contention, Appellant asserts: "[t]he Trial Court did err in vacating the order on February 21, 2023 because [there was] no evidence to rebut [the] fit parent presumption." This is the only argument offered by Appellant with respect to the February 21 order.

We note at the outset that, at the top of the February 21 order, the following words in bold, red type appear: "Order/Judgment Vacated/Set Aside by subsequent Order on 04/11/2023." In this regard, the trial court signed an "Order on Granting Emergency Motion to Modify, Correct, or Reform Judgment & Vacating Order" on April 11, 2023 that provides:

> IT IS ORDERED that the order signed by the Court in this cause number on FEBRUARY 21, 2023 is VACATED and shall have no further effect.

> IT IS FURTHER ORDERED that the parties are enjoined from attempting to present the order VACATED in the preceding paragraph as a valid order related to any child the subject of this suit.

The February 21, 2023 order recites that it was the product of a hearing that occurred on August 1, 2022. However, we do not have a reporter's record from a hearing that occurred on this date. The February 21 order also recites that it was based on a petition to modify. However, no corresponding petition to modify filed by Appellant was included in the clerk's record. The February 21 order removed Appellee as the party with the exclusive right to designate the primary residence of

---

[1]We additionally note that Appellant did not make an offer of proof describing the evidence that he would have sought to introduce to the trial court about changed circumstances occurring after the mediation. In the absence of an offer of proof, we are hard pressed to declare an abuse of discretion by the part of the trial court for complying with the requirements of Section 153.0071.

the children, replacing her with the parents. It also removed the parents' obligation to pay child support.

One week after the February 21 order was signed, Appellee filed an "Emergency Motion to Modify, Correct, or Reform Judgment" with respect to the February 21 order. Appellee asserted that it was error for the trial court to sign the February 21 order because it did not comply with the MSA.

Appellant has not cited any legal authority for why the trial court erred in vacating the February 21 order. As we previously noted, there is no corresponding petition to modify filed by Appellant in the clerk's record to support the entry of the February 21 order. Further, it directly contravenes the terms of the parties' MSA. For the reasons set out in our discussion of Appellant's first issue, it was error for the trial court to sign an order that differed from the terms of the parties' MSA. Accordingly, the trial court did not err by vacating the February 21 order. We overrule Appellant's second issue.

### This Court's Ruling

We affirm the order of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

May 23, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.